UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JAMEL HAWKINS, III,<br><br>Petitioner,<br><br>v.<br><br>DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Respondent. | CASE NO. CV 19-3352-PA (PJW)<br><br>ORDER DISMISSING HABEAS CORPUS PETITION WITH PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY |

On April 25, 2019, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging the state courts' denials of his petitions for family reunification under California Welfare and Institutions Code § 388. (Petition at 2-5.) For the following reasons, the Petition is dismissed with prejudice.

In August 2017, the Los Angeles County Superior Court terminated family reunification services for Petitioner with respect to his son. *See In re A.B.*, 2019 WL 408645, at \*4 (Cal. Ct. App. Feb. 1, 2019). In June 2018, Petitioner petitioned the court to reinstate those services, but the court denied his request. *Id.* at \*5. Petitioner appealed to the California Court of Appeal, which affirmed the trial

court, and the California Supreme Court, which summarily denied his request.

Thereafter, Petitioner filed the instant Habeas Corpus Petition in this court, alleging that the state courts' refusal to reinstate family reunification services (which would have allowed him to resume visitations with his son) violated his parental rights under the First and Fourteenth Amendments to the federal Constitution. (Petition at 17-33.)

Generally speaking, habeas corpus is only available to prisoners challenging the legality of their custody. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Dominguez v. Kernan*, 906 F.3d 1127, 1137 (9th Cir. 2018). Petitioner is not in custody. In fact, as he points out on the first page of his Petition, he has not been convicted of a crime. As such, he may not proceed under 28 U.S.C. § 2254.

Petitioner's case is also barred by the *Rooker-Feldman* doctrine. Under this doctrine, federal district courts are precluded from entertaining what amounts to a direct appeal from the final judgment of a state court. *Noel v. Hall*, 341 F.3d 1148, 1154, 1163 (9th Cir. 2003) (holding federal suit barred where plaintiff complains of legal injury caused by state court judgment); *see also Ismail v. County of Orange*, 2012 WL 3644170, at *13-15 (C.D. Cal. June 11, 2012) (holding plaintiff's challenge to state court order denying her California Welfare and Institutions § 388 petition barred by *Rooker-Feldman*), *adopted by* 2012 WL 3644155 (C.D. Cal. Aug. 23, 2012).

Moreover, because it is clear that no amount of tinkering with the Petition could change the fact that the Court does not have

jurisdiction to consider his claims, the Petition is dismissed with prejudice.

Finally, because Petitioner has not made a substantial showing of the denial of a constitutional right or that the Court erred in its procedural ruling, Petitioner is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED

DATED: June 10, 2019

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

O:\Review\194 CASE CV 19-3352 proposed order.wpd

3